UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARON HANNAH, | : |
| Plaintiff, | : Civ. No. 17-8066 (NLH)(JS) |
| v. | : OPINION |
| ADMINISTRATOR, ALBERT C. WAGNER YOUTH CORRECTIONAL FACLITY, et al., | : |
| Defendants. | : |

APPEARANCES:

Karon Hannah, No. 777077/863299D
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
    Plaintiff Pro Se

Kathryn Margaret Hansen, Esq.
Office of the Attorney General
25 Market Street
Trenton, NJ 08625
    Counsel for Moving Defendant Craig LaFontaine

HILLMAN, District Judge

    Plaintiff Karon Hannah filed a Complaint pursuant to 42 U.S.C. § 1983 against, <u>inter</u> <u>alia</u>, Moving Defendant SCO Craig LaFontaine for alleged excessive force used against him while he resided at the A.C. Wagner Youth Correctional Facility in Chesterfield, New Jersey. ECF No. 1. Presently before the Court is Moving Defendant's Motion to Dismiss, which is ripe for adjudication. ECF No. 18. Plaintiff has filed no opposition to

the Motion. For the reasons that follow, the Court will deny the Motion.

I. Factual Background

On October 4, 2017, pro se plaintiff Karon Hannah filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Sergeant Mark Goodman, SCO Matthew Smith, SCO Craig LaFontaine, SCO Gregory McLaughlin, Sergeant Marisol Velazquez, SCO Ruggerio, SCO Joseph Guicheteau, and APRN Carol Gallagher, as well as John Doe defendants, alleging claims of cruel and unusual punishment under the Eighth Amendment. ECF No. 1. Plaintiff is an inmate currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey. Id. at 2.

In the Complaint, Plaintiff describes an alleged incident that occurred at the Albert C. Wagner Youth Correctional Facility on November 28, 2016. See ECF No. 1 at 6–8. Plaintiff alleges that on this date, he was being escorted while in handcuffs from the yard by Defendant McLaughlin, when, on the stairs, Defendant Corrections Officer Ruggerio stated, "Why is this n----- so close to me?" Id. at 6. Plaintiff alleges that he told Defendant Ruggerio to "watch his mouth," and tried to end the confrontation, but Defendant Ruggerio continued to antagonize him, and then grabbed him aggressively and slammed him face first into the steel fence with force. Id. Plaintiff states that Moving Defendant Corrections Officer LaFontaine

2

observed the confrontation and use of force, and called a "Code 33."[1]  Id.

Plaintiff next alleges that while Defendant LaFontaine called a Code 33, Defendant Ruggerio struck him with a closed fist, and then several other officers began to attack him.  Id.  Plaintiff alleges that these other officers include Defendants McLaughlin, Guicheteau, and Goodman, as well as John Doe officers.  Id.  Plaintiff further alleges that Defendant Velazquez witnessed the other officers' actions and failed to take corrective action, thereby "encouraging the continuation of the misconduct."  Id.  Plaintiff alleges that after this incident occurred, Defendants Guicheteau and Smith continued to shove him forcefully as they escorted him to the infirmary to receive medical attention.  Id.  Plaintiff also alleges that he was found innocent of the assault on the officers because the incident was captured on video.  Id.

## II.  Standard of Review

In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented.  Rule 8 of the Federal Rules

---

[1] In his brief in support of dismissal, Defendant LaFontaine explains that "[a] code 33 'signals an emergency situation and alerts other corrections officers to respond and provide assistance.'"  ECF No. 18-3 at 5 n.3 (quoting Rogers v. N.J. Dep't of Corrs., NO. A-4210-15T1, 2017 N.J. Super. Unpub. LEXIS 2255, at *2 n.1 (N.J. App. Div. Sept. 12, 2017).

3

of Civil Procedure provides that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief; the complaint must provide the defendant with fair notice of the claim.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations.  See Erickson v. Pardus, 551 U.S. 89, 94 (per curiam).  The issue in a motion to dismiss is whether the plaintiff should be entitled to offer evidence to support the claim, not whether the plaintiff will ultimately prevail.  See Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (the Rule 8 pleading standard "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."); Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The onus is on the plaintiff to provide a well-drafted complaint that alleges factual support for its claims.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original and internal citations

omitted).  The court need not accept unsupported inferences, Cal. Pub. Employees Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), nor legal conclusions cast as factual allegations, Twombly, 550 U.S. at 556.  Legal conclusions without factual support are not entitled to the assumption of truth.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not" satisfy the requirements of Rule 8).

Once the court winnows the conclusory allegations from those allegations supported by fact, which it accepts as true, the court must engage in a common sense review of the claim to determine whether it is plausible.  This is a context-specific task, for which the court should be guided by its judicial experience.  The court must dismiss the complaint if it fails to allege enough facts "to state a claim for relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  The complaint that shows that the pleader is entitled to relief--or put another way, facially plausible--will survive a Rule 12(b)(6) motion.

See Fed. R. Civ. P. 8(a)(2); Mayer v. Belichick, 605 F.3d 223, 229 (3d Cir. 2010).

III. Discussion

Section 1983 provides "private citizens with a means to redress violations of federal law committed by state individuals." Woodyard v. Cty. of Essex, 514 F. App'x 177, 180 (3d Cir. 2013). In order to state a claim for relief under § 1983, a plaintiff must show two elements: (1) that a person deprived the plaintiff of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was done by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)).

The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8 (1992). When reviewing Eighth Amendment excessive force claims, the court must determine whether the "force was applied in a good-faith effort to

maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. Whether the force applied was excessive requires the examination of several factors including:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The Moving Defendant argues that Plaintiff cannot state an excessive force claim against him because there is no allegation that he used force against Plaintiff. Although that may be true, courts have found a claim of excessive force when a defendant's actions incited a third party to use force against the plaintiff. See, e.g., Northington v. Jackson, 973 F.2d 1518, 1525 (10th Cir. 1992) (allegation that guard intended harm to prisoner by inciting other prisoners to beat him by labelling him a snitch states a claim under the Eighth Amendment); Watson v. McGinnis, 964 F. Supp. 127, 132 (S.D.N.Y. 1997) (holding that guard's intentionally calling a prisoner a snitch in order to cause him harm by other inmates states an Eighth Amendment excessive force claim).

In the Complaint, Plaintiff specifically alleges that after Defendant SCO Ruggerio initiated the alleged excessive force, "Defendant SCO LaFontaine[e] called a code on the East Compound even though he notice[d] Ruggerio['s] actions." ECF No. 1 at 6. Plaintiff goes on to allege that "during this time I was bouncing off the steel fence due to impact of Ruggerio's force and the steel fence, at that moment the officer grabbed me while striking me with closed fist." Id. at 7. Plaintiff summarizes the harm of the Moving Defendant's actions as follows: "Officer LaFontain[e] falsely called a Code 33 (fighting) even though I did nothing (see tape of incident) placing my life in jeopardy and causing others (officers) to respond to the code in punching and kicking me though I was already on the ground and in handcuffs." Id. at 3. Viewing the allegations in the light most favorable to Plaintiff and also in light of his pro se status, the Court finds that Plaintiff has stated a plausible claim for excessive force and will deny the Motion.

Although not addressed by the Moving Defendant in the Motion, the corrections officer defendants were also responsible for Plaintiff's safety and had a duty to protect him from violence. Farmer v. Brennan, 511 U.S. 825, 834–36 (1994). "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to

intervene and simply refused to do so." Smith v. Mensinger, 293 F.3d 641 (3d Cir. 2002).

The Court can also reasonably infer from the aforementioned allegations a plausible claim for failure to intervene because Plaintiff alleges that the Moving Defendant was physically present and witnessed at least part of the alleged use of force and did not intervene.  See Smith v. Mensinger, 293 F.3d 641, 650–51 (3d Cir. 2002) (holding that correctional officer who ignored a realistic opportunity to intervene in another officer's use of excessive force is liable under the Eighth Amendment) (citing Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000)); Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) (holding that correctional officer present at the scene "and who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held personally liable for his nonfeasance."); Ewing v. Cumberland County, 152 F. Supp. 3d 269, 294 (D.N.J. 2015) (denying summary judgment as to corrections officer who was present during an allegedly excessive force beating of inmate under a theory of failure to intervene).  The Court makes no finding as to the propriety of the Moving Defendant's decision to call a code, which Plaintiff alleges worsened the force, however at this early stage and given Plaintiff's allegations and pro se status, dismissal would be inappropriate.

IV. <u>Conclusion</u>

The Court will deny the Motion to Dismiss.  In doing so, the Court expresses no view as to the ultimate merits of Plaintiff's claims, only that he has alleged enough facts to states plausible claims.  An appropriate order follows.

Dated: <u>March 25, 2019</u>           <u>s/ Noel L. Hillman</u>
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.