UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KARON HANNAH,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATOR ALBERT C. WAGNER YOUTH CORRECTIONAL FACILITY, et al.,<br><br>Defendants. | Civ. No. 17-8066 (NLH) (JS)<br><br>OPINION |

APPEARANCES:

Gurbir S. Grewal, Attorney General of New Jersey
Kathryn M. Hansen, Deputy Attorney General
Michael Vomacka, Deputy Attorney General
Office of the New Jersey Attorney General
R.J. Hughes Justice Complex
PO Box 116
Trenton, NJ 08625

*Counsel for Defendants Mark Goodson, Matthew Smith, Craig LaFontaine, Gregory McLaughlin, Marisol Velazquez, and Joseph Guicheteau*

Karon Hannah
777077/863299D
East Jersey State Prison
Lock Bag R
Rahway, NJ 07065

*Plaintiff pro se*

HILLMAN, District Judge

The Court previously denied a motion for partial summary judgment filed by Defendants Mark Goodson, Matthew Smith, Craig LaFontaine, Gregory McLaughlin, Marisol Velazquez, and Joseph Guicheteau that alleged Plaintiff Karon Hannah failed to exhaust his administrative remedies. ECF No. 56. Defendants have renewed their motion with leave of Court. ECF No. 57. Plaintiff opposes the motion. ECF No. 61.

For the reasons that follow, the Court denies the second motion for partial summary judgment.

## I. BACKGROUND

The Court adopts the background and statement of facts set forth in its opinion denying Defendants' first motion for partial summary judgment, ECF No. 55 at 2-3, adding only those facts necessary to address Defendants' argument that Plaintiff did not exhaust his administrative remedies before filing his complaint.

After the assault on November 28, 2016, Plaintiff was placed into Albert C. Wagner Youth Facility's ("AWYCF") "lock-up" for 22 days. Plaintiff asserts he submitted numerous grievances during that time "and he got no response, prison officials simply ignored grievances and refused to process them . . . ." ECF No. 61 at 6. Plaintiff was transferred to New Jersey State Prison ("NJSP") on December 19, 2016. Amended

Declaration of Amy Emich ("Emich Dec."), ECF No. 57-5 ¶ 2. On December 1, 2016, a grievance was entered into the JPAY electronic system:[1] "I have been asaulted [sic] badly and I needto [sic] be seen as soon as possible please I still have not seen the doctor or nobody come see me please." Id.; ECF No. 57-14. Nancy Zook responded on December 5, 2016: "You were interviewed regarding the matter on 12/2, and the issues is being reviewed. Additionally, you were medically assessed." ECF No. 57-14.

Plaintiff submitted written Inmate Inquiry form #292832 on December 13, 2016: "On this Day, coming back from watching the video relating to the attempted assault I was charged with (which shows me doing nothing) the camera prooves [sic] it." ECF No. 57-13 at 3. Lori Reed entered the grievance into the electronic JPAY system on December 15, 2016. Id. at 2. On December 20, Ms. Zook closed the form and stated, "this matter is already being addressed, the grievance is repetitive." Id.

On March 26, 2017, Plaintiff filed an electronic grievance via JPAY stating he was assaulted on November 28, 2016 by officers at AWYCF. ECF No. 57-7 at 27. Plaintiff concluded by

[1] Plaintiff denies he submitted this grievance. ECF No. 61 at 6. This factual dispute does not impact the Court's decision as the Court denies summary judgment on the basis of the grievances filed on the written forms during the 22 days Plaintiff was in lock-up.

saying "I have brung this to the administrator attention before at albert.c wagner before this occurred which he ignored and failed to react to my [safety] problem im seeking civil justice and money damages! my 8th admendment, violated!" Id. NJSP officials closed the grievances after telling Plaintiff "NJSP Administration cannot assist you in receiving 'money damages'." Id.

## II. STANDARD OF REVIEW

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). A disputed fact is material when it could affect the outcome of the suit under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 250. The Court should view the facts in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

Initially, the moving party must show the absence of a genuine issue concerning any material fact. See Celotex Corp. v. Carrett, 477 U.S. 317, 323 (1986). Once the moving party has

satisfied its burden, the non-moving party, "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh, 418 F.3d at 267 (citing Anderson, 477 U.S. at 251).

If the court determines that "the record taken as a whole could not lead a rational trier or fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat'l Bank of Arizona v. Cities Serv. Co., 391 U.S. 253, 289 (1968)). Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322.

## III. DISCUSSION

Defendants renew their motion for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). "Failure to exhaust is an affirmative defense the defendant must plead and prove; it is not a pleading requirement for the prisoner-plaintiff." Small v. Camden Cty., 728 F.3d

265, 268 (3d Cir. 2013); see also Green v. Parisi, 478 F.2d 313, 315 (3d Cir. 1973) (defendants asserting an affirmative defense must prove it "by a preponderance of the evidence").

A district court may decide whether plaintiffs exhausted their administrative remedies without a jury, even if there are disputed facts, after providing notice to the parties and an opportunity to submit further evidence. Paladino v. Newsome, 885 F.3d 203, 211 (3d Cir. 2018); Small, 728 F.3d at 270. The Court gave such notice and opportunity when it permitted Defendants to refile their motion and permitted both parties to submit additional evidence. ECF No. 55 at 11.

Having reviewed the record and additional submissions, the Court concludes Defendants have not proven a preponderance of the evidence that Plaintiff failed to exhaust his administrative remedies. Plaintiff submitted copies of Inmate Inquiry Forms he claims to have filed while held in AWYCF's lock-up. ECF No. 61 at 33-40. He states he never received a response to these grievances. Id. at 6, 14. He states these grievances were handed directly to correction officers, id. at 6, which is permitted in the AWYCF Handbook for inmates in close custody, ECF No. 57-6 at 79.

Relying on Plaintiff's failure to appeal the March 26, 2017 grievance, Defendants assert that Plaintiff did not exhaust any grievance related to the assault. However, they did not address

Plaintiff's claim that grievances filed at AWYCF went unanswered; instead, they assert it is irrelevant whether Plaintiff was able to access the grievance system during his time in lock-up because he was able to file the March 26 grievance at NJSP. ECF No. 64 at 7-8.

The grievances in question are completely illegible. The Court can see faint handwriting, but it cannot tell what was written on the documents. ECF No. 61 at 33-40. However, the Court must give Plaintiff, the non-moving party, the benefit of the doubt as there is nothing in the record to definitively contradict his claim that the documents concern the November 2016 assault. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "[W]hile it is possible that [Plaintiff] misrepresented the facts when he testified that he filed forms . . ., it is equally possible that he did not. Indeed, it is not unheard of for a grievance form to be lost." Paladino, 885 F.3d at 210.

Prisoners are not required to exhaust unavailable remedies. Ross v. Blake, 136 S. Ct. 1850, 1856 (2016). A prison's remedy

system is "unavailable" under the PLRA if officials fail to timely respond to grievances. Robinson v. Superintendent Rockview SCI, 831 F.3d 148, 155 (3d Cir. 2016). If Plaintiff properly filed grievances about his November 2016 assault while at AWYCF and Defendants did not respond, he has exhausted all remedies that were available to him. Plaintiff's decision to file an additional grievance after his transfer to NJSP and "pursue his claim through the remainder of a belated administrative process does not rectify the prison's errors." Id. at 154 (holding prison remedies were unavailable when prison did not respond to grievance within the time set in handbook).

The Court finds Defendants have not shown they are entitled to judgment as a matter of law on the exhaustion question because it remains plausible that Plaintiff filed grievances that went unanswered. The Court declines to hold a hearing on the issue as Defendants had the opportunity to submit additional materials and did not address the substance of those grievances. The motion for summary judgment will be denied.

## IV. CONCLUSION

For the reasons set forth above, the Court will deny Defendants' second motion for summary judgment. The denial is without prejudice to Defendants' ability to seek summary judgment on the merits of Plaintiff's claims.

An appropriate Order follows.

Dated: December 18, 2020
At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.